# Exhibit A

SUM-100

# SUMMONS on COMPLAINT
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
5/23/2025
By: Nancy Liemsithisak, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, a New Jersey corporation; and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*); the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California, County of San Bernardino
8303 Haven Avenue
Rancho Cucamonga, CA 91730
Rancho Cucamonga District

CASE NUMBER: *(Número del Caso):* CIVRS2503572

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jennifer C. Kalvestran (Bar No. 242157) Shawn S. Eldridge (Bar No. 276581) (213) 688-0080
ANDERSON, McPHARLIN & CONNERS LLP E-mail: jck@amclaw.com; sse@amclaw.com
707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017

DATE: *(Fecha)* 5/23/2025 Clerk, by *(Secretario)* /s/ Nancy Liemsithisak, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, a New Jersey corporation

   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

JENNIFER C. KALVESTRAN (Bar No. 242157)
jck@amclaw.com
SHAWN S. ELDRIDGE (Bar No. 276581)
sse@amclaw.com
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000
Los Angeles, California 90017-3623
TELEPHONE: (213) 688-0080 ♦ FACSIMILE: (213) 622-7594

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
5/16/2025 3:06 PM
By: Nancy Liemsithisak, DEPUTY

Attorneys for UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO, RANCHO CUCAMONGA DISTRICT**

UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation,

Plaintiff,

vs.

MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, a New Jersey corporation; and DOES 1 to 10, inclusive,

Defendant.

Case No. CIVRS2503572

**COMPLAINT FOR DECLARATORY RELIEF AND EQUITABLE CONTRIBUTION**

Trial Date: None

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

NOW COMES the Plaintiff, UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation ("USIC") and for its Complaint for Declaratory Relief and Contribution against MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY ("MUSIC"), and DOES 1 to 10, and each of them, states and alleges as follows:

**THE PARTIES**

1. USIC is an insurance company that was authorized to transact the business of insurance in the State of California at all relevant times.

2. MUSIC is an insurance company that was authorized to transact the business of insurance in the State of California at all relevant times.

3. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein as DOES 1-10, inclusive, are unknown to USIC, which therefore brings

suit against said Defendants by such fictitious names. USIC will seek leave to amend this Complaint to show their true names and capacities when the same have been ascertained. USIC is informed and believes that each of the defendants named as DOE is liable to USIC for the matters alleged below.

4. USIC is informed and believes and thereon alleges that at all times herein mentioned each Defendant, in addition to acting for himself, herself, or itself, and on his, her or its own behalf individually, are and were acting as the agent, servant, employee, representative, principal, partner, associate, joint venturer and/or co-conspirator of, and with the knowledge, consent and permission of, each and all of the other said Defendants and within the course, scope and authority of said agency, service, employment, representation, partnership, association, joint venture and/or conspiracy.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## GENERAL ALLEGATIONS

5. On January 5, 2020, Hanh Thi Quach was injured at a swap meet held at an outdoor facility located at 10798 Ramona Ave. in Montclair, California ("Property").

6. The Property was owned by Mission Boulevard Industrial Owner, LP ("Mission").

7. The swap meet on the Property was operated in part by De Anza Land and Leisure Corporation ("De Anza").

8. On or about September 20, 2020, Ms. Quach's injury claim became the subject of a premises liability lawsuit, entitled *Quach v. De Anza Land and Leisure Corp.*, filed in the Superior Court for the State of California, County of San Bernardino, Court File No. CIVDS2018675 ("Underlying Action").

9. Mission was named as a defendant in the Underlying Action on January 4, 2022.

10. In the Underlying Action, it was alleged that Ms. Quach was injured when she fell over a flawed condition in the asphalt at the Property.

11. De Anza entered into a License with Mission to use the Property for the swap meet.

12. The License included the following insurance requirements:

> 7. **LICENSEE'S INSURANCE**. At all times during the License Term, Licensee shall, at its sole expense, procure and maintain the following types

of insurance coverage:

7.1. Commercial General Liability: Commercial General Liability insurance, including Bodily Injury and Property Damage Liability against any and all damages and liability, including reasonable attorneys' fees and expenses, on account of or arising out of injuries to or the death of any person or damage to property, however occasioned, in, on or about the Property in amounts not less than $2,000,000 per occurrence, and $4,000,000 annual aggregate;

* * *

7.3 Form of Insurance/Companies: All insurance provided for in Paragraph 7 hereof shall be in a form satisfactory to Licensor and carried with insurance companies reasonably acceptable to Licensor that are licensed or authorized to do business in the State in which the Property is located, are in good standing with the Department of Insurance in the State in which the Property is located and have a current rating issued by A.M. Best Company of not less than A-:VII, and/or whose claim paying ability is rated no lower than A by Standard & Poor's Ratings Service and A2 by Moody's Investors Service. Insurance coverage shall be written as primary policy coverage and not contributing with or excess of any coverage which Licensor may carry, and Licensor shall be named as Additional Insureds with respect to Commercial General Liability, including any Umbrella or Excess policies. Licensee shall furnish Licensor at the inception of this Agreement (i) a Certificate of Insurance evidencing that all such insurance is in effect and that Licensor will be given at least 30 days prior written notice of cancellation or non-renewal, and (ii) proof that premiums have been paid by Licensee.

13. Pursuant to the License, Mission was required to obtain its own insurance, as well:

8. **LICENSOR'S INSURANCE**. Licensor shall carry commercial general liability insurance with respect to the Property during the License Term. Such coverage shall be in such amounts, from such companies, and on such other terms and conditions, as Licensor may from time to time reasonably determine; provided, however, that Licensor's commercial general liability insurance shall, at all times during the License Term, be in amounts at least equal to those amounts required to be carried by Licensee under Section 7.1 above.

14. Mission tendered the Underlying Action to USIC as an additional insured under an insurance policy that USIC issued to De Anza ("USIC Policy").

15. In response to Mission's tender, USIC agreed to provide a defense to Mission as an additional insured under the USIC policy, under a reservation of rights.

16. USIC is informed and believes and on this basis alleges that MUSIC issued to Mission at least one commercial general liability policy, which was in effect on January 5, 2020. It

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

is possible that MUSIC issued other insurance policies to Mission, and USIC reserves its right to further plead those policies ("MUSIC Policies").

17. Under the License, De Anza did not hold an interest in the Property, and did not have any duty to maintain Mission's Property.

18. As the owner of the Property, Mission had the sole and non-delegable duty to maintain the Property in a safe condition.

19. USIC tendered the defense and indemnity of Mission in the Underlying Action to MUSIC on November 10, 2022.

20. On March 20, 2023, MUSIC refused to comply with its obligation to provide a defense for its named insured Mission. As a result, MUSIC paid no money toward the defense of Mission in the Underlying Action.

21. To date, MUSIC has not acknowledged its duty to defend and indemnify its named insured MISSION, or to contribute to the amounts paid by USIC to defend and settle the Underlying Action on behalf of Mission.

22. USIC has paid and/or incurred significant defense fees and costs in the Underlying Action, in the amount of $109,181.86.

23. USIC paid $137,500.00 in a global settlement of the Underlying Action.

**FIRST CAUSE OF ACTION**

**(For Declaratory Relief Re Duty to Defend – Against All Defendants)**

24. Plaintiff hereby incorporates Paragraphs 1 - 23 as though fully set forth herein.

25. An actual and present controversy exists between USIC on the one hand, and Defendants on the other hand, with respect to their obligations and duties with regard to the defense of Mission in the Underlying Action.

26. In particular, defendants, including MUSIC, owe a duty to defend Mission in the Underlying Action as the damages sought against Mission in the Underlying Action are potentially covered under Defendants' policies, including the MUSIC Policies.

27. MUSIC failed to timely respond or acknowledge its defense obligation to Mission in the Underlying Action.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

28. MUSIC improperly denied Mission's tender of the Underlying Action for a defense.

29. MUSIC improperly denied USIC's demand that it contribute to the defense of the Underlying Action.

30. USIC had no duty to defend Mission or De Anza in the Underlying Action.

31. USIC requests that this Court declare that the Underlying Action presents a potentially covered claim within the terms of the Defendants' policies, including the MUSIC Policies.

32. USIC also requests that this Court declare that Defendants, including MUSIC, owe Mission a defense in the Underlying Action.

**SECOND CAUSE OF ACTION**

**(Declaratory Relief re Duty to Indemnify – Against All Defendants)**

33. USIC hereby incorporates Paragraphs 1-32 as though fully set forth herein.

34. An actual and present controversy exists between USIC on the one hand, and Defendants on the other hand, as to their obligations and duties with regard to the indemnification of Mission in the Underlying Action.

35. USIC indemnified the global settlement of the Underlying Action in the amount of $137,500.00.

36. Defendant owe a duty to indemnify in the Underlying Action as the damages sought are covered under Defendants' policies, including the MUSIC Policies.

37. On information and belief, Defendants contend they do not have a duty to indemnify for any settlement reached in the Underlying Action.

38. USIC requests that this Court declare that the damages sought against Mission in the Underlying Action are covered under Defendants' policies, including the MUSIC Policies.

39. USIC requests that this Court declare that the damages sought against De Anza and Mission in the Underlying Action are not covered under the USIC policies.

40. USIC also requests that this Court declare that Defendants have a duty to indemnify the settlement of the Underlying Action.

///

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**THIRD CAUSE OF ACTION**

**(For Equitable Contribution re Defense – Against All Defendants)**

41. USIC hereby incorporates Paragraphs 1 - 40 as though fully set forth herein.

42. Defendants were required to defend in the Underlying Action, as the damages sought in the Underlying Action are potentially covered under Defendants' policies, including the MUSIC Policies.

43. Defendants, including MUSIC, however, have refused to accept Mission's and USIC's tender and contribute to the defense in the Underlying Action.

44. As a result, USIC defended the Underlying Action on its own, in excess of any equitable share it might have owed or owes as Defendants, including MUSIC, did not provide the defense owed to Mission under Defendants' policies, including the MUSIC Policies.

45. Pursuant to the relationship of the parties by way of the License, USIC had no obligation to defend De Anza or Mission at all.

46. USIC, however, paid all of the defense costs on behalf of both Mission and De Azna, and protected MUSIC's insured from its own bad faith.

47. MUSIC is responsible for paying 100% of the defense fees that USIC paid on behalf of both Mission and De Anza.

48. In the alternative, USIC paid an inequitable portion of the defense costs on behalf of Mission in the Underlying Action.

49. MUSIC had an independent obligation to provide a defense to Mission in the Underlying Action, and thus, Defendants, including MUSIC, must reimburse and/or pay all of the defense costs that USIC paid in connection with the Underlying Action.

50.. In the alternative, Defendants, including MUSIC, must pay an equitable share of the defense costs USIC paid and/or incurred in the Underlying Action.

51. USIC requests that Defendants, including MUSIC, be ordered to reimburse and/or pay USIC all or an equitable fair share of the defense costs paid on behalf of Mission in the Underlying Action, in an amount to be determined at trial, under the doctrine of equitable contribution.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

## FOURTH CAUSE OF ACTION

**(Equitable Contribution Re: Indemnity – Against All Defendants)**

52. USIC hereby incorporates paragraphs 1 - 51 as though fully set forth herein.

53. Mission tendered and is entitled to indemnity under Defendants' policies, including the MUSIC Policies, for the settlement reached in the Underlying Action, as the damages sought in the Underlying Action are covered under Defendants' policies, including the MUSIC Policies.

54. Defendants, including MUSIC, did not pay any portion of the settlement reached in the Underlying Action, despite the indemnity obligation Defendants, including MUSIC, owe under Defendants' policies, including the MUSIC Policies.

55. Accordingly, USIC has been asked to pay an inequitable portion of any settlement reached in the Underlying Action on behalf of Mission.

56. MUSIC had an independent obligation to indemnify the entire settlement reached in the Underlying Action, and thus, Defendants, including MUSIC, must reimburse and/or pay all of the amounts that USIC paid to globally settle the Underlying Action.

57. In the alternative, MUSIC must pay an equitable share of the settlement amountUSIC paid to globally resolve in the Underlying Action.

58. USIC requests that Defendants, including MUSIC, be ordered to reimburse USIC all or an equitable fair share of the amounts USIC paid to indemnify any settlement reached on behalf of Mission in the Underlying Action in an amount to be determined at trial, under the doctrine of equitable contribution.

## PRAYER FOR RELIEF

Plaintiff UNITED SPECIALTY INSURANCE COMPANY requests that this Court enter judgment against MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY and DOES 1 - 10, and orders on all causes of action as follows:

**FIRST CAUSE OF ACTION:**

For a declaration and judgment that the damages sought against Mission in the Underlying Action are potentially covered under Defendants' policies, including the MUSIC Policies, and that Defendants owe Mission a defense in the Underlying Action.

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

**SECOND CAUSE OF ACTION:**

For a declaration and judgment that the damages sought against Mission in the Underlying Action are covered under the Defendants' policies, including the MUSIC Policies, and that Defendants have a duty to indemnify Mission in the Underlying Action.

**THIRD CAUSE OF ACTION:**

For a judgment against Defendants ordering them to pay all or an equitable share of defense costs that USIC paid in the Underlying Action pursuant to equitable contribution, in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION:**

For a judgment against Defendants ordering them to pay all or an equitable share of the amounts USIC paid to settle the Underlying Action pursuant to equitable contribution, in an amount to be determined at trial.

**ON ALL CLAIMS:**

1. For additional and consequential damages as may be proven at trial;
2. For interest thereon;
3. For costs of suit; and
4. For such other amounts as this Court deems just and proper.

DATED: May 16, 2025

ANDERSON, McPHARLIN & CONNERS LLP

By: [signature]
Jennifer C. Kalvestran
Shawn S. Eldridge
Attorneys for UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation

ANDERSON, MCPHARLIN & CONNERS LLP
LAWYERS
707 WILSHIRE BOULEVARD, SUITE 4000
LOS ANGELES, CALIFORNIA 90017-3623
TEL (213) 688-0080 • FAX (213) 622-7594

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jennifer C. Kalvestran (Bar No. 242157) Shawn S. Eldridge (Bar No. 276581)
ANDERSON, McPHARLIN & CONNERS LLP
707 Wilshire Boulevard, Suite 4000, Los Angeles, California 90017-3623
TELEPHONE NO.: (213) 688-0080 FAX NO.: (213) 622-7594
EMAIL ADDRESS: jck@amclaw.com; sse@amclaw.com
ATTORNEY FOR *(Name):* UNITED SPECIALTY INSURANCE COMPANY

*FOR COURT USE ONLY*

Electronically Filed
Superior Court of California
County of San Bernardino
Rancho Cucamonga District
5/16/2025 3:06 PM
By: Nancy Liemsithisak, DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
STREET ADDRESS: 8303 Haven Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Rancho Cucamonga, CA 91730
BRANCH NAME: Rancho Cucamonga District

CASE NAME: United Specialty Insurance Company v. Mesa Underwriters Specialty Insurance Company

**CIVIL CASE COVER SHEET**

☒ **Unlimited** (Amount demanded exceeds $35,000)
☐ **Limited** (Amount demanded is $35,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CIVRS2503572
JUDGE:
DEPT.:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☒ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☒ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 2- 1) Declaratory Relief; 2) Equitable Contribution
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 15, 2025

Shawn S. Eldridge
(TYPE OR PRINT NAME)

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2024]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
- Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease
    - Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller
    - Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
- Confession of Judgment *(non-domestic relations)*
- Sister State Judgment
- Administrative Agency Award *(not unpaid taxes)*
- Petition/Certification of Entry of Judgment on Unpaid Taxes
- Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO

United Specialty Insurance Company

vs.

Mesa Underwriters Specialty Insurance Company, et al.

Case No.: CIVRS2503572

## CERTIFICATE OF ASSIGNMENT

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Rancho Cucamonga District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☐ General ☐ Collection

| Nature of Action | Ground |
|---|---|
| ☐ 1. Adoption | Petitioner resides within the district |
| ☐ 2. Conservator | Petitioner or conservatee resides within the district. |
| ☒ 3. Contract | Performance in the district is expressly provided for. |
| ☐ 4. Equity | The cause of action arose within the district. |
| ☐ 5. Eminent Domain | The property is located within the district. |
| ☐ 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ 9. Mandate | The defendant functions wholly within the district. |
| ☐ 10. Name Change | The petitioner resides within the district. |
| ☐ 11. Personal Injury | The injury occurred within the district. |
| ☐ 12. Personal Property | The property is located within the district. |
| ☐ 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ 14. Prohibition | The defendant functions wholly within the district. |
| ☐ 15. Review | The defendant functions wholly within the district. |
| ☐ 16. Title to Real Property | The property is located within the district. |
| ☐ 17. Transferred Action | The lower court is located within the district. |
| ☐ 18. Unlawful Detainer | The property is located within the district. |
| ☐ 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ 20. Other ______ | ______ |
| ☐ 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

| Location of accident | 10798 Ramona Avenue |
|---|---|
| NAME - INDICATE TITLE OR OTHER QUALIFYING FACTOR | ADDRESS |

| Montclair | CA | 91763 |
|---|---|---|
| CITY | STATE | ZIP CODE |

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on May 16, 2025 at Long Beach, California.

[signature]

*Signature of Attorney/Party*





**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**
Rancho Cucamonga District
8303 Haven Avenue
Rancho Cucamonga California 91730
www.sb-court.org
909-350-9764

| United Specialty Insurance Company -V- Mesa Underwriters Specialty Insurance Company | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number CIVRS2503572 |

Anderson McPharlin & Conners LLP
707 Wilshire Blvd
Suite 4000
Los Angeles CA 90017

This case has been assigned to: Kory Mathewson in Department R12 - Rancho Cucamonga for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 11/24/2025 at 9:00 AM in Department R12 - Rancho Cucamonga

Date: 5/23/2025

By: [signature]
Nancy Liemsithisak, Deputy Clerk

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 5/23/2025

I declare under penalty of perjury that the forgoing is true and correct. Executed on 5/23/2025 at Rancho Cucamonga, CA.

By: [signature]
Nancy Liemsithisak, Deputy Clerk

RECEIVED
6294-006
MC or Diary
P.O.S. by
JCK SSE
MAY 27 2025
3340349 ko
Folder by
Date in file by
Anderson, McPharlin & Conners

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: ________<br>UNLIMITED CASE: _____<br>LIMITED CASE: _____ | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: ________

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: ______ Court-sponsored: ______

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: ________
   Time estimate: ________

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: ________

________________ (TYPE OR PRINT NAME) ________________ (SIGNATURE OF PARTY OR ATTORNEY

________________ (TYPE OR PRINT NAME) ________________ (SIGNATURE OF PARTY OR ATTORNEY

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: ____________<br>UNLIMITED CASE: ____<br>LIMITED CASE: ____ | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: ____________

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: ______ Court-sponsored: ______

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: ____________
   Time estimate: ____________

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: ____________

____________________ (TYPE OR PRINT NAME) ____________________ (SIGNATURE OF PARTY OR ATTORNEY)

____________________ (TYPE OR PRINT NAME) ____________________ (SIGNATURE OF PARTY OR ATTORNEY)