Sheryl W. Leichenger (SBN CA 161688)
SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
10880 Wilshire Blvd., Suite 1200
Los Angeles, CA 90024
Telephone: 310.445.0800
sleichenger@selmanlaw.com

Kristina A. Fretwell (SBN CA 297624)
Vinnie S. Patel (SBN CA 359745)
SELMAN LEICHENGER EDSON
HSU NEWMAN & MOORE LLP
225 Broadway, Suite 1460
San Diego, CA 92101
Telephone: 619.564.3600
kfretwell@selmanlaw.com
vpatel@selmanlaw.com

Attorneys for Defendant MESA UNDERWRITERS
SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, a New Jersey corporation; and DOES 1 to 10, inclusive, <br><br> Defendant. | Case No. 5:25-cv-01747-KK-SP <br><br> DEFENDANT MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY'S ANSWER TO COMPLAINT |

Defendant Mesa Underwriters Specialty Insurance Company, Inc. ("Defendant" or "MUSIC"), by and through its attorneys of record, answers and responds to Plaintiff United Specialty Insurance Company's ("Plaintiff's") Complaint as follows:

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

2. Answering Paragraph 2 of the Complaint, MUSIC admits the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

4. Answering Paragraph 4 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

## GENERAL ALLEGATIONS

5. Answering Paragraph 5 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

6. Answering Paragraph 6 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

7. Answering Paragraph 7 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

8. Answering Paragraph 8 of the Complaint, MUSIC admits there is a

lawsuit entitled *Quach v. De Anza Land and Leisure Corp.*, pending in the San Bernardino County Superior Court, Case No. CIVDS2018675 ("Underlying Action"). MUSIC lacks sufficient information to admit or deny the remaining allegations contained in paragraph 8 of the Complaint, and on that basis denies them.

9. Answering Paragraph 9 of the Complaint, MUSIC admits Mission Boulevard Industrial Owner, LP ("Mission") is a defendant in the Underlying Action. MUSIC lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them.

10. Answering Paragraph 10 of the Complaint, MUSIC admits Hanh Thi Quach alleges in the Underlying Action that she tripped and fell over a rise in the asphalt at the Mission Tiki Drive-In Theater Swap Meet. MUSIC lacks sufficient information to admit or deny the remaining allegations contained therein, and on that basis denies them.

11. Answering Paragraph 11 of the Complaint, MUSIC admits Mission entered into a Temporary Occupancy Agreement with Mission Drive-In Theater Company. MUSIC lacks sufficient information to admit or deny the remainder of the allegations contained therein, and on that basis denies them.

12. Answering Paragraph 12 of the Complaint, MUSIC admits the Temporary Occupancy Agreement includes the quoted language. MUSIC lacks sufficient information to admit or deny the remainder of the allegations contained therein, and on that basis denies them.

13. Answering Paragraph 13 of the Complaint, MUSIC admits the Temporary Occupancy Agreement includes the quoted language. MUSIC lacks sufficient information to admit or deny the remainder of the allegations contained therein, and on that basis denies them.

14. Answering Paragraph 14 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

15. Answering Paragraph 15 of the Complaint, MUSIC admits United Specialty Insurance Company ("USIC") accepted the defense and indemnity of Mission as an additional insured under a reservation of rights..

16. Answering Paragraph 16 of the Complaint, MUSIC admits it issued a commercial general liability policy to Mission that was in effect on January 5, 2020. MUSIC denies the remainder of the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, these allegations are legal conclusions to which no response is required.

18. Answering Paragraph 18 of the Complaint, these allegations are legal conclusions to which no response is required.

19. Answering Paragraph 19 of the Complaint, MUSIC admits the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, MUSIC denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, MUSIC admits it did not contribute to Mission's defense fees or the settlement of the Underlying Action. MUSIC denies the remainder of the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

23. Answering Paragraph 23 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

## FIRST CAUSE OF ACTION

24. Answering Paragraph 24 of the Complaint, MUSIC hereby incorporates by reference its answers to Paragraphs 1 through 23, inclusive, of the Complaint, as though fully set forth herein.

25. Answering Paragraph 25 of the Complaint, MUSIC admits the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, MUSIC denies the allegations contained therein.

27. Answering Paragraph 27 of the Complaint, MUSIC denies the allegations contained therein.

28. Answering Paragraph 28 of the Complaint, MUSIC denies the allegations contained therein.

29. Answering Paragraph 29 of the Complaint, MUSIC denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, MUSIC denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, MUSIC denies USIC is entitled to the declarations requested.

32. Answering Paragraph 32 of the Complaint, MUSIC denies USIC is entitled to the declarations requested.

## SECOND CAUSE OF ACTION

33. Answering Paragraph 33 of the Complaint, MUSIC repeats and incorporates by reference its answers to Paragraphs 1 through 32, inclusive, of the Complaint, as though fully set forth herein.

34. Answering Paragraph 34 of the Complaint, MUSIC admits the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

36. Answering Paragraph 36 of the Complaint, MUSIC denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, MUSIC admits the allegations contained therein.

38. Answering paragraph 38 of the Complaint, MUSIC denies USIC is entitled to the declarations requested.

39. Answering Paragraph 39 of the Complaint, MUSIC denies USIC is entitled to the declarations requested.

40. Answering Paragraph 40 of the Complaint, MUSIC denies USIC is entitled to the declarations requested.

## THIRD CAUSE OF ACTION

41. Answering Paragraph 41 of the Complaint, MUSIC repeats and incorporates by references its answers to Paragraphs 1 through 40, inclusive, of the Complaint, as though fully set forth herein.

42. Answering Paragraph 42 of the Complaint, MUSIC denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, MUSIC admits it did not contributed to the defense in the Underling Action. MUSIC denies the remainder of the allegations therein.

44. Answering Paragraph 44 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them. MUSIC further denies it owed a defense to Mission under its policy.

45. Answering Paragraph 45 of the Complaint, MUSIC denies the allegations contained therein.

46. Answering Paragraph 46 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them. MUSIC further denies it committed any "bad faith."

47. Answering Paragraph 47 of the Complaint, MUSIC denies the allegations contained therein.

48. Answering Paragraph 48 of the Complaint, MUSIC lacks sufficient information to admit or deny the allegations contained therein, and on that basis denies them.

49. Answering Paragraph 49 of the Complaint, MUSIC denies the allegations contained therein.

50. Answering Paragraph 50 of the Complaint, MUSIC denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, MUSIC denies USIC is entitled to the requested relief.

## FOURTH CAUSE OF ACTION

52. Answering Paragraph 52 of the Complaint, MUSIC repeats and incorporates by reference its answers to Paragraphs 1 through 51, inclusive, of the Complaint, as though fully set forth herein.

53. Answering Paragraph 53 of the Complaint, MUSIC denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, MUSIC admits it did not pay a portion of the settlement reached in the Underlying Action but denies the remainder of allegations contained therein.

55. Answering Paragraph 55 of the Complaint, MUSIC denies the allegations contained therein.

56. Answering Paragraph 56 of the Complaint, MUSIC denies the allegations contained therein.

57. Answering Paragraph 57 of the Complaint, MUSIC denies the allegations contained therein.

58. Answering Paragraph 58 of the Complaint, MUSIC denies USIC is entitled to the relief requested therein.

## PRAYER FOR RELIEF

### FIRST CAUSE OF ACTION

1. Responding to Plaintiff's prayer for relief, MUSIC denies that Plaintiff is entitled to any of the relief sought by way of this action.

### SECOND CAUSE OF ACTION

2. Responding to Plaintiff's prayer for relief, MUSIC denies that Plaintiff is entitled to any of the relief sought by way of this action.

### THIRD CAUSE OF ACTION

3. Responding to Plaintiff's prayer for relief, MUSIC denies that Plaintiff is entitled to any of the relief sought by way of this action.

### FOURTH CAUSE OF ACTION

4. Responding to Plaintiff's prayer for relief, MUSIC denies that Plaintiff is entitled to any of the relief sought by way of this action.

### FOR ALL CLAIMS

5. Responding to Plaintiff's prayer for relief, MUSIC denies that Plaintiff is entitled to any of the relief sought by way of this action.

## AFFIRMATIVE DEFENSES

As separate and affirmative defenses, MUSIC alleges, on information and belief, as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each purported cause of action alleged in it against MUSIC, fails to state facts sufficient to constitute a cause of action against MUSIC.

## SECOND AFFIRMATIVE DEFENSE

### (Policy Provisions Bar Claims)

Plaintiff's claims are barred, in whole or in part, by the terms, exclusions, conditions, definitions, declarations, endorsements, and/or limitations contained in the policy referenced in Plaintiff's Complaint and purportedly issued by MUSIC (the "MUSIC Policy").

## THIRD AFFIRMATIVE DEFENSE

### (No Duty to Defend or Indemnify)

MUSIC had no duty to defend or indemnify Mission under the MUSIC Policy for the claims asserted in the Underlying Action, therefore, Plaintiff's claims against MUSIC are without merit and barred.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Perform Obligations)

Plaintiff's claims are barred, in whole or in part, to the extent Mission failed to perform conditions or obligations under the MUSIC Policy.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel, and Laches)

Plaintiff's claims are barred and/or precluded from seeking any relief asserted herein by the doctrines of waiver, estoppel, and/or laches.

## SIXTH AFFIRMATIVE DEFENSE

### (No Occurrence)

Plaintiff's claims are barred, in whole or in part, to the extent that the allegations in the Underlying Action that give rise to Mission's alleged liability/rights, do not constitute an "occurrence," as that term is defined in the MUSIC Policy.

///

///

///

### SEVENTH AFFIRMATIVE DEFENSE

### (No Standing)

Plaintiff's claims or causes of action asserted in the Complaint are barred to the extent that Plaintiff does not have any standing to pursue recovery of the alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

### (Economic Loss)

Plaintiff's claims are barred, in whole or in part, to the extent the claims alleged arise from allegations of economic loss.

### NINTH AFFIRMATIVE DEFENSE

### (Deductibles/Self-Insured Retentions)

Plaintiff's claims are barred, in whole or in part, to the extent that the deductibles and/or self-insured retentions contained in the MUSIC Policy have not been properly satisfied.

### TENTH AFFIRMATIVE DEFENSE

### (Set-Off Entitlement)

Any amounts allegedly recoverable under the MUSIC Policy, if any, must be reduced or offset by recoveries Plaintiff has already obtained, or may in the future obtain, from any other sources.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Impairment of Subrogation and Contribution Rights)

Plaintiff's claims are barred, in whole or in part, to the extent that MUSIC's rights of subrogation and contribution have been impaired.

### TWELFTH AFFIRMATIVE DEFENSE

### (Proper Allocation Required)

To the extent that MUSIC is found to have any obligation with regard to the damages alleged by Plaintiff, a proper allocation of the loss as between MUSIC and

other insurers is required. Such allocation may result in no sums being allocated to the MUSIC Policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Unreasonable Defense Fees and Costs-Hourly Rates)**

MUSIC has no obligation to contribute to any attorneys' fees sought by Plaintiff to the extent that the hourly rate charged was unreasonable and excessive.

## FOURTEENTH AFFIRMATIVE DEFENSE

**(Unreasonable Costs or Payment)**

To the extent that coverage is proved to exist under the MUSIC Policy for Plaintiff's alleged claims, a contention MUSIC disputes, MUSIC is not required to reimburse, indemnify or otherwise make payment for any unreasonable, excessive, improper, unnecessary, or unrelated defense costs or sums incurred by Plaintiff and/or the named insured.

## FIFTEENTH AFFIRMATIVE DEFENSE

**(Pre-Tender and Post-Settlement Defense Costs Not Covered)**

Plaintiff's claims are barred, in whole or in part, to the extent that any defense fees and costs were incurred prior to the time the defense was tendered, to MUSIC, and after settlement of the Underlying Action.

## SIXTEENTH AFFIRMATIVE DEFENSE

**(No Prejudgment Interest)**

Any claim for prejudgment interest is barred as to any purported claim or cause of action for which such relief is not available.

## SEVENTEENTH AFFIRMATIVE DEFENSE

**(Contractual Liability)**

Plaintiff's claims are barred, in whole or in part, to the extent recovery is sought for liability that Plaintiff assumed pursuant to contract or any other agreement which is not explicitly covered by the MUSIC Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Coverage for Non-Insureds)

Plaintiff's claims are barred, in whole, or in part, to the extent that they arise out of claims against any person or entity that is not an insured and/or an additional insured under the MUSIC Policy.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Voluntary Payments)

Plaintiff's claims are barred, in whole or in part, to the extent that any insured made any payments, assumed any obligation, or incurred any expense, other than for first aid, without MUSIC's consent.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Mitigation Obligation)

Plaintiff's claims are barred in whole or in part, because Plaintiff and/or the Named Insured failed to mitigate, minimize, or avoid any damages allegedly sustained, and any recovery must therefore be reduced in the amount of damages incurred by MUSIC as a result of that failure.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims are barred and/or Plaintiff is precluded from seeking any relief asserted herein by the doctrine of unclean hands.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Other Insurance)

Plaintiff's claims are barred, in whole or in part, to the extent that other insurance covering the alleged claim was obligated to respond.

///

///

///

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Conditions Precedent Not Met)

Plaintiff's claims are barred, in whole or in part, to the extent such claims are contingent upon conditions precedent in the MUSIC Policy that were not satisfied.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Condition Precedent-Timely Notice)

Plaintiff's claims are barred to the extent that any insured failed to provide timely and proper notice of any claim or suit instituted against it, as required by the MUSIC Policy as a condition precedent to coverage.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Policy Limits)

To the extent defense and/or indemnity coverage is available to MUSIC under the Policy for the allegations in the Underlying Action, which MUSIC denies, MUSIC's obligations are subject to the limits of insurance as stated in the Policy.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Non-Disclosure. Concealment or Misrepresentation of Facts)

Plaintiff's claims are barred, in whole or in part, to the extent that any named insured failed to disclose or otherwise concealed or misrepresented facts known to it which were material to the risk allegedly underwritten by MUSIC.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's Complaint is barred by the applicable statute of limitations.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Untimely Notice)

The Complaint is barred to the extent Mission failed to give MUSIC proper and timely notice as required under the Policy with regard to the claims for which recovery is sought.

Selman Leichenger Edson Hsu Newman & Moore LLP
ATTORNEYS AT LAW

4096 106877 4899-5372-8218 .v2

### TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Violation of Law/Public Policy)

Plaintiff's claims are barred, in whole or in part, to the extent that the Named Insured's acts or failure(s) to act, which gave rise to the conditions and/or claims referenced in this action and/or the Underlying Action, were in violation of law or public policy.

### THIRTIETH AFFIRMATIVE DEFENSE

### (Reasonable Conduct and Good Faith)

At all times material herein, MUSIC has acted reasonably and in good faith toward Plaintiff and/or the Named Insured based upon all relevant facts and circumstances known to MUSIC at the time, and fully performed all terms, conditions, covenants and promises to be performed, pursuant to the applicable MUSIC Policy, except where such performance was excused, discharged, or prevented.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Ratification)

Plaintiff's claims are barred, in whole or in part, because MUSIC's act(s) and/or omissions of which Plaintiff complains were ratified by the Named Insured.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Obligation to Pay Coverage Fees)

MUSIC has no obligation to pay any attorneys' fees or costs incurred by Plaintiff relating to any coverage dispute between the Parties.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Equities Do Not Merit Any Recovery)

The Complaint and each purported claim or and/or cause of action asserted therein against MUSIC is barred to the extent the equities of Plaintiff's claims do not merit any recovery from or against MUSIC.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Failure to Set Forth Contract Terms)**

The Complaint fails to set forth with any particularity the terms, provisions, exclusions, conditions or limitations allegedly triggering any duty on the part of MUSIC. Consequently, MUSIC is unable to set forth all potentially applicable affirmative defense and therefore reserves the right to later allege any theory of defense, to assert additional applicable policy terms, provisions, exclusions, conditions or limitations as may become apparent during the continuing course of discovery in the Underlying Action.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(No Damages)**

The Complaint and each purported cause of action therein against MUSIC are barred to the extent Plaintiff has suffered no damages.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Right to Plead Additional Defenses)**

MUSIC reserves the right to amend this pleading to reflect additional affirmative defenses available to it as revealed through discovery.

## PRAYER FOR RELIEF

WHEREFORE, MUISC prays that:

1. Plaintiff takes nothing by way of the Complaint on file herein as against MUSIC.

2. MUSIC be dismissed with an award of its costs of suit incurred herein; and

3. The Court grant such other relief as it deems just and proper.

///

///

///

| | | |
|---|---|---|
| 1 | DATED: July 18, 2025 | SELMAN LEICHENGER EDSON |
| 2 | | HSU NEWMAN & MOORE LLP |

By: 
SHERYL W. LEICHENGER
KRISTINA A. FRETWELL
VINNIE S. PATEL

Attorneys for Defendant MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY